By the Court.
On November 4, 1913, the relator, Fred H. Clemens, was elected a member of the board of education of Jasper township, Fayette county, Ohio, for a term of four years, and qualified as such member. On August 15, 1914, the county board of education of Fayette county transferred certain subdistricts of Jasper township to Concord township. The relator resides within the territory so transferred. On November 6, 1914, the Jasper township board of education declared that, in consequence of such transfer, a vacancy existed in their township, declared vacant the office of relator and appointed James H. Thompson to fill the vacancy. Clemens then brought his action in quo warranto to oust Thompson. His petition set forth the foregoing facts. Thompson demurred thereto. The court of appeals overruled the demurrer and entered a judgment of ouster.
Section 4748,' General Code, provides that “A vacancy in any board of education may be caused by * * * removal from the district,” etc. The section then makes provision for the filling of such vacancy by a majority vote of the remaining members of the board.
Counsel for plaintiff in error contend that inasmuch as Clemens was a resident of the territory transferred from Jasper township to Concord township, this constituted a removal from the district within the purview of- the foregoing section. In view of the statute hereinafter quoted, this contention becomes unimportant.
On February 5, 1914, the general assembly of Ohio adopted a partial code for -the classification *286 and supervision of rural and village schools (104 O. L., 133) and, among other provisions, it adopted the following:
“Sec. 4735. The present existing township and special school districts shall constitute rural school districts until changed by the county board of education, and all officers and members of boards of education of such existing districts shall continue to hold and exercise their respective offices and powers until their terms expire and until their successors are elected and qualified.”
It was undoubtedly the purpose of the general assembly by the adoption of this section, in order to continue the existing school machinery, to provide that all members of the boards of education then in office should continue until the expiration of their terms and until the election and qualification of their successors. It means exactly what it says, and Clemens, being a member of the board of education of Jasper township at the time when the law took effect, was entitled to hold the same until the expiration of his term.
The demurrer was properly overruled and the judgment of the court of appeals is affirmed.

Judgment affirmed:

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and. Matthias, JJ.,, concur.